IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN WAYNE DRAKE, TDCJ No. 1950303, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:17-cv-797-K-BN |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Brian Wayne Drake, a Texas prisoner, serving 20 years of incarceration resulting from two aggravated robbery convictions, is again before this Court, Drake having filed in his closed Section 2254 habeas action two *pro se* motions under Federal Rule of Civil Procedure 60(b), both of which raise substantially the same claims. *See* Dkt. Nos. 43 & 44. Drake's habeas action remains referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade.

Drake's convictions were affirmed on direct appeal, and he did not petition the Texas Court of Criminal Appeals ("CCA") for discretionary review. *See Drake v. State*, Nos. 05-14-01115-CR & 05-14-01116-CR, 2015 WL 6861363, at *1 (Tex. App. – Dallas Nov. 9, 2015, no pet.), *aff'g State v. Drake*, Nos. F13-14123-Q & F13-30911-Q (204th Jud. Dist. Ct., Dallas Cnty., Tex.). The CCA denied his state habeas applications without written order on the trial court's findings without a hearing. *See Ex parte*

*Drake*, WR-84,531-16 & -17 (Tex. Crim. App. Mar. 8, 2017); *see also* Dkt. No. 26-1. Earlier this year, this Court denied his Section 2254 habeas application. *See Drake v. Davis*, No. 3:17-cv-797-K-BN, 2020 WL 930843 (N.D. Tex. Feb. 6, 2020), *rec. accepted*, 2020 WL 919596 (N.D. Tex. Feb. 26, 2020). And Drake did not appeal.

His Rule 60(b) motions raise alleged errors in the state criminal proceedings. *See, e.g.,* Dkt. No. 43 at 2 ("The State was remiss in disclosing all terms of the plea bargain agreement/commercial contract."); *id.* at 4 ("The State did not register the judgment/claim secured by the prosecution of its cause/commercial action, in the commercial chamber/registry of the Secretary of State for State of Texas"); *id.* at 5 ("The Court neither disclosed nor put on record that it was dealing with a corporate/commercial entity/legal fiction."); *see also id.* at 9 (attaching as Exhibit A to his motion, a UCC Financing Statement).

"A state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction. But he may not usually make a 'second or successive habeas corpus application.'" *Banister v. Davis*, 140 S. Ct. 1698, 1702 (2020) (quoting 28 U.S.C. § 2244(b)). And, while Federal Rule of Civil Procedure 60(b) provides for relief from a final judgment or order, "a Rule 60(b) motion for relief from a final judgment denying habeas relief counts as a second or successive habeas application … so long as the motion 'attacks the federal court's previous resolution of a claim on the merits.'" *Id.* at 1709 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); citation, internal quotation marks, and brackets omitted).

But neither of Drake's Rule 60(b) motions is "a valid Rule 60(b) motion because

[neither] attack[s (1)] a defect in the integrity of the prior federal habeas proceeding," *In re Johnson*, 935 F.3d 284, 289 (5th Cir. 2019) (citing *Gilkers v. Vannoy*, 904 F.3d 336, 344 (5th Cir. 2018)), or (2) "a procedural ruling which precluded a merits determination," *Gilkers*, 904 F.3d at 344. They instead raise sovereign-citizen-inspired attacks on Drake's underlying state criminal judgments. *See, e.g.*, *Westfall v. Davis*, No. 7:18-cv-23-O-BP, 2018 WL 2422058, at *2 (N.D. Tex. May 4, 2018) (noting that "[s]overeign-citizen legal arguments … are indisputably meritless. So-called sovereign citizens argue that, though they are born and reside in the United States, they are their own sovereigns and are not United States citizens. They claim as grounds for this belief the Uniform Commercial Code, maritime and admiralty law, the idea of strawman trusts, and Bible verses. Sovereign citizens often attempt to use these beliefs to 'avoid paying taxes, extinguish debts, and derail criminal proceedings.' However, these citizens cannot claim to be sovereigns independent of governmental authority while they simultaneously ask the judicial system to grant them recourse." (citations omitted)), *rec. accepted*, 2018 WL 2414794 (N.D. Tex. May 29, 2018).

> Section 2244 lays out the requirements for filing successive petitions, serving as gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second.
> ...
> Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's

> sentence, a defective habeas proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009) (footnotes omitted).

Drake's current fillings assert claims that, no matter how dubious, allege defects in his underlying convictions that "existed ... at the time of the [first federal] petition ... even if the legal basis for the [current] attack was not" known to Drake when he filed his initial Section 2254 application. *Leal Garcia*, 573 F.3d at 222. These filings are therefore subject to the "statutory requirements for filing a successive petition." *In re Will*, ___ F.3d ____, Nos. 17-20604 & 17-70022, 2020 WL 4500074, at *2 (5th Cir. Aug. 5, 2020) (per curiam) ("So even though Will did not know of the State's alleged *Brady* violation at the time he filed his first habeas petition, it is still subject to AEDPA's statutory requirements for filing a successive petition." (citing *Blackman v. Davis*, 909 F.3d 772, 778-79, 778 n.2 (5th Cir.), *as revised* (Dec. 26, 2018))); *see also Leal Garcia*, 573 F.3d at 221 ("Leal's view of [*In re Cain*, 137 F.3d 234 (5th Cir. 1998),] would permit petitioners filing later habeas petitions to assert that, because the evidence was not previously discovered or discoverable, the claim was unavailable; therefore, the later petition is non-successive. Again, AEDPA forbids such a reading: Section 2244(b)(2)(B)(i) states that claims based on a *factual* predicate not previously discoverable are successive.").

Because Drake asserts claims that are successive, his failure to obtain

authorization from the United States Court of Appeals for the Fifth Circuit under 28 U.S.C. § 2244(b)(3) deprives this Court of jurisdiction to consider the current habeas applications. *See, e.g., Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)).

The Court should cure this want of jurisdiction by transferring the applications to the Fifth Circuit for appropriate action. *See* 28 U.S.C. § 1631. And the Court should open for statistical purposes two new Section 2254 habeas actions to account for Drake's successive petitions.

**Recommendation**

The Court should transfer the construed successive habeas applications to the United States Court of Appeals for the Fifth Circuit for appropriate action.

And the Court should direct the Clerk of the Court to open for statistical purposes two new Section 2254 cases (nature of suit 530 directly assigned, per Special Order 3-250, to United States District Judge Ed Kinkeade and United States Magistrate Judge David L. Horan) and to close both on the basis of any order accepting or adopting this recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections

within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 20, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE