IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN WAYNE DRAKE, § | | |
| TDCJ No. 1950303, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | No. 3:17-cv-797-K | |
| § | | |
| DIRECTOR, TDCJ-CID, § | | |
| § | | |
| Respondent. § | | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. No objections were filed. The District Court reviewed the proposed findings, conclusions, and recommendation for plain error. Finding none, the Court ACCEPTS the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

The Court therefore TRANSFERS Petitioner's unauthorized successive 28 U.S.C. 2254 habeas applications to the United States Court of Appeals for the Fifth Circuit for appropriate action.

And, because the Court is transferring the applications to the Fifth Circuit, a certificate of appealability ("COA") is not necessary. *See United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015) ("[A] transfer order under 28 U.S.C. § 1631 is not a final order within the meaning of § 2253(c)(1)(B), and the appeal of such an order

does not require a COA."); *Guel-Rivas v. Stephens*, 599 F. App'x 175, 175 (5th Cir. 2015) (per curiam) (applying *Fulton*'s holding to transfer of a successive Section 2254 application).

Further, because the two motions Petitioner under Federal Rule of Civil Procedure 60(b) are in substance successive habeas applications, the Clerk of Court is DIRECTED to open for statistical purposes two new Section 2254 cases (nature of suit 530 directly assigned, per Special Order 3-250, to United States District Judge Ed Kinkeade and United States Magistrate Judge David L. Horan) and to close both on the basis of the order.

SO ORDERED.

Signed September 8th, 2020.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE